IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BRIAN HANKINS, | ) |
| Plaintiff, | ) |
| vs. | ) 6:14-cv-1156-LSC |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

## I. Introduction

The plaintiff, Brian T. Hankins, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Mr. Hankins timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hankins was thirty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a twelfth grade education. (Tr. at 161, 168.) His past work experiences include employment as a janitor and grass cutter. (Tr. at 166.) Mr. Hankins claims that he became disabled on March 16, 2010, due to

diffuse chronic pain, hypertension, loss of hearing in his right ear, infected lymph node, gastroesophageal reflux disease, and left knee pain. (Tr. at 161, 165.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See Id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Hankins has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 25.) According to the ALJ, Plaintiff's chronic pain of unknown etiology is a "severe" impairment based on the requirements set forth in the regulations. (*Id.*) However, he found that this impairment neither meets nor medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ found Mr. Hankins's impairment does not impose limitations as mentioned in the listings, and he determined that he has the following RFC: medium work as defined in 20 C.F.R. § 416.967(c); he experiences moderate pain with its moderate affect on his ability to concentrate, which occasionally occurs during an 8-hour workday; he can never climb ladders, ropes, or scaffolds;

4

but he can occasionally kneel, crouch, and crawl; and he can frequently balance, stoop, reach, handle, finger, feel, and climb stairs and ramps. (*Id.*)

According to the ALJ, Mr. Hankins is capable of performing his past relevant work as a janitor, which is classified as medium and unskilled. (Tr. at 30.) The ALJ determined that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.*) The ALJ found that Mr. Hankins has the RFC to perform the physical and mental demands of this work as it is actually and generally performed. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since June 20, 2011, the date the application was filed." (*Id.*)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are

supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881,

883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Mr. Hankins alleges that the ALJ's decision should be reversed and remanded for several reasons related to his contention that the ALJ improperly applied Social Security Ruling ("SSR") 12-2p by not conducting a step-three analysis regarding whether his fibromyalgia alone or in combination with his chronic pain would meet or equal listing 14.09D for inflammatory arthritis. (Doc. 10 at 12).

SSR 12-2p recognizes that fibromyalgia is not a listed impairment; therefore, the ALJ must determine whether fibromyalgia medically equals a listing. SSR 12-2p, 2012 WL 3104869, at *6 (S.S.A. 2012). Medical equivalence is found in one of three ways: (1) the claimant has an impairment listed in appendix 1 of subpart P of part 404 but does not exhibit one or more of the findings at all or as severely as it is specified for that particular listing; (2) the claimant has an impairment that is not listed but is closely analogous to a listing because the findings related to his impairment are of at least equal medical significance to the listing; (3) the claimant has a combination of unlisted impairments such that, when compared to an analogous listing, the findings related to his unlisted impairments are of at least

7

equal medical significance to the listing. 20 C.F.R. § 416.926(b). Listing 14.09D identifies the following criteria for a claimant's impairment to meet or be the equivalence of inflammatory arthritis:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living
>
> 2. Limitation in maintaining social functioning
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09D.

The claimant bears the burden of showing that his impairments meet or equal a listed impairment. *Barron v. Sullivan,* 924 F.2d 227, 229 (11th Cir. 1991). The regulations require that he must provide evidence to support his claim. *See* 20 C.F.R. § 416.912(c). In order to qualify for benefits by showing an unlisted impairment is equivalent to a listed impairment, the claimant must "present medical findings equal in severity to all the criteria for the one most similar listing." *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990). A showing that the overall impact of an unlisted impairment or combination of impairments is as severe as that of a listed impairment does not qualify a claimant to benefits. (*Id.*)

Plaintiff argues that his pain condition equals listing 14.09D for inflammatory arthritis. As an initial matter, although the plaintiff characterizes his condition as fibromyalgia, the ALJ, using the opinions of his doctors, concluded at step two that he had a severe impairment of "chronic pain of unknown etiology," not fibromyalgia. (Tr. at 25, 259.) No doctor ever diagnosed Plaintiff with fibromyalgia. (Tr. at 259, 268.) Plaintiff does not argue that the ALJ erred at step two.

In any event, Plaintiff argues that the ALJ did not articulate his evaluation of Plaintiff's pain syndrome as it relates to whether his condition medically equaled listing 14.09D. However, the ALJ's lack of discussion does not violate the legal standards governing medical equivalence. Section 416.926 of the regulations does not require an articulation of the ALJ's evaluation for determining medical equivalence but instead requires the ALJ to "consider all evidence in [Plaintiff's] case record about [his] impairment and its effects on [him]." 20 C.F.R. § 416.926(c). The ALJ's finding "as to whether a claimant meets a listed impairment may be implied from the record. . . [and] it is not required that the [ALJ] mechanically recite the evidence leading to [his] determination." *Kalishek v. Comm'r of Soc. Sec.*, 470 F. App'x 868, 870 (11th Cir. 2012) (citing *Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). The Court will not reverse the ALJ's decision simply because he did not explain his reasoning for finding that a claimant

did not meet or equal a listed impairment. *Johnson v. Barnhart*, 148 F. App'x 838, 842 (11th Cir. 2005); *see also Keane v. Comm'r of Soc. Sec.*, 203 F. App'x 748, 751 (11th Cr. 2006) (upholding the ALJ's implicit decision that the claimant failed to establish that his impairment equaled a listing). Plaintiff has not provided any legal authority requiring the ALJ to provide a more extensive discussion than what he provided. The ALJ's finding and discussion on whether Plaintiff's severe impairments (which included his chronic pain syndrome) met or equaled a listing complied with the proper standards.

Additionally, insofar as Plaintiff is arguing that his impairment, by whatever diagnosis, medically equaled 14.09D, the argument fails. As noted, no doctor ever diagnosed Plaintiff with fibromyalgia. (Tr. at 259, 268.) Plaintiff sought to establish medical equivalence through Dr. McFadden's opinion following his November 2012 clinical pain assessment. (Tr. at 338.) Although the ALJ's decision afforded Dr. McFadden's opinion no weight, it did consider her medical findings. (Tr. at 26.) Dr. McFadden found that Mr. Hankins's pain condition causes extreme fatigue and is virtually incapacitating. (Tr. at 338-39.) However, fatigue is only one of the two required symptoms for listing 14.09D. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09D. Plaintiff also needed to show that he also suffered from at least one of the following symptoms: fever, malaise, or involuntary weight loss. *See id.*

Plaintiff's record provides no evidence of such symptoms. In fact, his medical records demonstrate that Dr. McFadden, as well as Plaintiff's other treating physicians, found each additional required symptom absent from Plaintiff. (Tr. at 301, 347.) Further, the plaintiff would have to demonstrate where at least one of the following limitations occurred: (1) limitation of activities of daily living; (2) limitation in maintaining social functioning; (3) limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.09D. Although Dr. McFadden relied on the plaintiff's statements regarding his limitations on daily activities, she did not provide her own opinion as to any limitations. (Tr. at 338-39.) Instead, she notes in her clinical assessment that "some limitations may be present but not to such a degree as to create serious problems in most instances." (Tr. at 338.)[1]

---

[1] Plaintiff also notes in passing that Dr. McFadden's opinion should have been given more weight by the ALJ. (Doc. 10 at 14-15.) However, this argument was made by Plaintiff in passing; therefore, the plaintiff waived any argument that the ALJ failed to consider Dr. McFadden's opinion. (Doc. 11 at 10.) *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting claimant waived issue because he did not provide supporting arguments or citation to authorities regarding the claim), *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Nevertheless, the ALJ's decision to discount the opinion is supported by substantial evidence. The ALJ chose to discount the opinion based on the fact that it was based primarily on Plaintiff's subjective complaints and not objective medical findings. (Tr. at 28, 341.) For instance, Dr. McFadden states Plaintiff can never perform activities and then notes that Plaintiff reported "never" from past experience of testing and that Plaintiff and his wife reported Plaintiff could not complete activities of daily living. (Tr. at 28, 339, 341). *But see* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *Crawford*, 363 F.3d at 1159 (ALJ can properly discount an

Aside from Dr. McFadden, Mr. Hankins's other treating physicians also did not note any limitations imposed on Plaintiff by his condition that are required for a finding of medical equivalence under listing 14.09D. Dr. Gordon, Plaintiff's treating physician from Whatley Health Services, generally treated Mr. Hankins for acute conditions including swollen lymph nodes and ear pain. (Tr. at 219-29.) Dr. Gordon's records do not include any indication of the limitations stated in listing 14.09D. (*Id.*) In October 2011, Plaintiff was examined by Dr. Mali, a consultative examiner, who recognized 14 of the 18 tender points for fibromyalgia but noted that the plaintiff would need further work up and ultimately diagnosed Mr. Hankins with chronic pain of an unknown etiology, not fibromyalgia. (Tr. at 259.) His examination reports do not show any indication that Plaintiff's condition caused any limitations. (Tr. at 257-59.) Capstone Rural Health Center treated Plaintiff in

---

opinion apparently based primarily on a claimant's subjective complaints). Additionally, in November 2011, Plaintiff reported that he was self-reliant in his usual daily activities in contrast to the statement relied on by Dr. McFadden, which further undermines Dr. McFadden's opinion. (Tr. at 301). Furthermore, as the ALJ noted, Dr. McFadden's opinion that Plaintiff could perform less than sedentary work is inconsistent with the remaining medical record. *But see* 20 C.F.R. § 416.927(c)(4) ("[T]he more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *Crawford*, 363 F.3d at 1159-60. Records from Whatley Health Services from April 2010 to July 2011, document Plaintiff's diagnoses of chronic pain syndrome, but do not document objective findings of tenderness and generally show that Plaintiff sought treatment for acute conditions such as ear pain, swollen node, and flat footedness (Tr. at 222-26). From to November 2011 to September 2012, Plaintiff had periodic medical appointments at Capstone Rural Health Center for medication refills where Plaintiff was in no acute distress and had normal examinations. (Tr. at 28, 294-303). Assuming *arguendo* Plaintiff sufficiently raised the argument, the ALJ did not err in discounting Dr. McFadden's opinion because it was based primarily on Plaintiff's own complaints and unsupported by objective medical findings and was inconsistent with other objective evidence.

November 2011 and provided him with medication refills until Dr. McFadden saw him in November of 2012. (Tr. at 294-303.) During this year, Mr. Hankins stated that he was self-reliant in his daily activities and had no further complaints, only returning to Capstone for medication refills. (Tr. at 294-99, 301.)

Other evidence in the record suggests that Plaintiff's condition is not the medical equivalent of listing 14.09D, inflammatory arthritis. For example, Plaintiff never presented with a fever, malaise, or involuntary weight loss. (Tr. at 257-59, 294-302, 315-16.) Additionally, the record indicates that he has been functioning self-sufficiently in his daily life, engaging in house work, occasional cooking, and showering and dressing himself. (Tr. at 173-74.)

Plaintiff relies on *Todd v. Heckler*, 736 F.2d 641 (11th Cir. 1984), to support his argument, but it is distinguishable. In *Todd*, the court remanded for development of the record where the claimant was not represented by an attorney at the administrative hearing and the ALJ had failed to follow the sequential evaluation process by entirely omitting consideration of whether the claimant met or equaled a listed impairment. 736 F.2d at 642. Here, the ALJ made an explicit finding that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment, and Plaintiff was represented by an attorney at the administrative level. (Tr. at 25, 35).

13

Plaintiff also contends the Appeals Council erred in not specifically addressing SSR 12-2p and the step three analysis of listed impairments. However, the Appeals Council stated that it found no reason under the Commissioner's rules to review the ALJ's decision and denied Plaintiff's request for review. (Tr. at 1). While Plaintiff may wish the Appeals Council had provided greater articulation for the reasons denying his request for review, there is no requirement for articulation when the Appeals Council denies review. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784 (11th Cir. 2014) ("Appeals Council is not required to explain its rationale for denying a request for review . . . .").

For these reasons, the Court is of the opinion that the ALJ was not required to articulate his reasoning behind concluding that Plaintiff's condition was not the medical equivalent of listing 14.09D. *See Hutchinson,* 787 F.2d at 1463. The plaintiff's impairment is not closely analogous and of equal medical significance to listing 14.09D because he lacks the required symptoms and limitations of inflammatory arthritis.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. Hankins's arguments, the Court finds the Commissioner's decision is supported by

substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON JULY 10, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704